**ATTACHMENT B**
**ITEMS TO BE SEIZED**

1. Any and all physical and digital evidence related to violations of 18 USC section 1201, Kidnapping, including, but not limited to:

    a. The person identified as TKB and known to law enforcement as TKB;

    b. Any and all documents, electronic devices, tangible items, or physical property which belongs to TKB or may identify TKB's location;

    c. All documents, to include in electronic form, and stored communications, that includes contact information, text messages, call logs, voicemails, Internet searches, photographs, and any other electronic data or other memory features contained in electronic devices and/or SIM cards including correspondence, records, opened or unopened e mails, text messages, chat logs, and Internet history, pertaining to evidence of violations of Title 18 USC 1201(a)(1), Kidnapping.

    d. All records which evidence operation or ownership or use of computer or electronic equipment or devices, including, but not limited to, correspondence, sales receipts, bills, financial records, tax records, personal photographs, telephone records, notebooks, diaries, reference materials, or other personal items, and registration information for any software on the computer or device.

    e. All computer or electronic device passwords, keywords and other data security devices designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software, or other programming code. Any password or encryption key that may control access to a

    computer/phone operating system, individual computer/phone files, or other electronic data.

  f. Evidence and contents of logs and files on a computer, electronic device, or storage device, such as those generated by the computer's operating system, which describes the history and use of the device, including but not limited to files indicating when files were written, were opened, were saved, or were deleted. Evidence tending to show the identity of the person using the computer or device at the time any of the electronic evidentiary items were created, sent, received, or viewed. Also, any malware resident on the computer/phone or device.

  g. All records, documents and communications regarding travel to include travel arrangements, communications regarding upcoming travel, financial transactions for travel, credit card information, passport pictures, and travel itineraries, Visa applications and research conducted in relation to travel, Visa applications, or foreign travel requirements;

  h. Social networking accounts containing messaging or other evidence of violations or attempted violations of 18 USC § 1201;

  i. Photos, images, or video that may document travels that occurred from August 1, 2022, through the time of seizure, and/or or individuals JEFFS had contact with while engaging in travels or arranging travels;

  j. Items or files containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized.

k.  Location/mapping/GPS data stored on any and all devices;

l.  Items that would tend to establish ownership or use of the items identified in Attachment A;

m.  Records of incoming/outgoing phone calls, video calls, text communications, instant messaging applications, or other forms of communication related to violations or attempted violations of 18 USC § 1201;

n.  Court Orders or other documentation related to custody or court ordered visitation to include communications with others discussing those Orders;

o.  Address books, contact lists, or contact information which identify individuals JEFFS or others possibly communicated with regarding violations of 18 USC § 1201;

p.  Internet browser history/searches related to travel routes, kidnapping statutes, visa or entry requirements for other nations, extradition policies, or other searches related to violations, or potential violations of 18 USC § 1201;

q.  During the execution of this search warrant, the law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons at the Subject Premises or located in the vehicle described in Attachment A onto the Touch ID sensor of any Apple iPhone, iPad, or other Apple brand device with Touch ID in order to gain access to the contents of any such device.  Investigators may also hold a device up to the subject's face to enable biometric or facial recognition in order to gain access to a device;

r.  During the course of the search, photographs of the searched premises may also be taken to record the condition thereof and/or the location of items therein.

2. The following may be seized and searched for all items listed above, and for any items specifically noted in the paragraphs below:

   a. Computer hardware, meaning any and all computer equipment. Included within the definition of computer hardware are any electronic devices capable of data processing (such as central processing units, laptop or notebook or netbook or tablet computers, personal digital assistants, gaming consoles, and wireless communication devices to include cellular telephone devices capable of Internet access); peripheral input/output devices (such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media); related communications devices (such as modems, wireless routers, cables and connections, web cameras, microphones); storage media, defined below; and security devices, also defined below.

   b. Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components. Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

   c. Computer related documentation, meaning any written, recorded, printed, or electronically stored material that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

   d. Data security devices, meaning any devices, programs, or data whether themselves in the nature of hardware or software that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer related documentation, or electronic data records. Such items include, but are not limited to, usernames and passwords; data security hardware (such as encryption devices, chips, and circuit boards); data security software or information (such as test keys and encryption codes); and similar information that is required to access computer programs or date or to otherwise render programs or data into usable form.

   e. All storage media capable of collecting, storing, maintaining, retrieving, concealing, transmitting, and backing up electronic data. Included within this paragraph is any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer related equipment, such as fixed hard disks, external hard disks, removable hard disks (including micro drives), floppy diskettes, compact disks (CDs), digital video disks (DVDs), tapes, optical storage devices, laser disks, thumb drives, iPods, digital cameras, memory cards (e.g. CF or SD cards), gaming consoles, flash drives, or other memory storage devices.

   This also includes areas with digital storage capability on devices such as printers, scanners, wireless routers, etc.

3. The above seizure of computer and computer related hardware relates to such computer related items as being the instrumentalities of crime and also to allow for analysis/search for evidence of crime in an appropriate forensic setting. Upon a determination that such examination would be more appropriately made in a controlled environment, this storage media may be removed and examined at a laboratory location.